UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN YOUNG,

    Plaintiff,

v.

THE FEDERAL DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN,

    Defendant.

_____/

Case No. 20-11036

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER TRANSFERRING CASE TO THE DISTRICT OF HAWAII**

Plaintiff, Stephen Young, brings suit against the University of Hawaii, the American Bar Association, the American Bar Association Legal Education Section, the National Conference of Bar Examiners, the Association of American Law Schools, the State Bar of Michigan, the Michigan Board of Law Examiners, Thomson Reuters, Inc, and Breaking Media, Inc.. This case has been reassigned to this Court as a companion case to a previous case, *Young v. University of Hawaii et al*, Case No. 19-13559, which the Court transferred to the District of Hawaii.

This case will also be transferred to the District of Hawaii.

**FACTUAL AND PROCEDURAL BACKGROUND**

Young filed suit on December 3, 2019, against various Defendants, some different, some the same. *See Young v. University of Hawaii et al*, Case No. 19-13559

ECF No. 1. The Court transferred that case to the District of Hawaii, after issuing an Order for Plaintiff to Show Cause why venue was proper in the Eastern District of Michigan. *See Young v. University of Hawaii et al*, Case No. 19-13559, ECF No. 10. Plaintiff then litigated his case in the District of Hawaii. *Young v. University of Hawaii et al.*, Case No. 1:20-cv-00035-DKW-RT. On April 6, 2020, Young filed a suit to enjoin the operation of several of this district's Local Rules. *Young v. Federal District Court for the Eastern District of Michigan*, Case No. 20-50540. That suit has also been transferred to this Court as a companion case.

On April 27, 2020, Young filed this case. This Court received the case as a companion case to *Young v. University of Hawaii et al*, Case No. 19-13559, on May 8, 2020. (ECF No. 8).

## ANALYSIS

The *forum non conveniens* statute reads as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

When the Court reviewed Young's first case, it found that the factors provided by the Supreme Court for reviewing § 1404 determinations militated towards transferring the case to the District of Hawaii. Though this case drops the individual defendants and adds two Michigan defendants—the State Bar of Michigan and the

Michigan Board of Law Examiners—the case substantially overlaps with the case Plaintiff prosecuted in the District of Hawaii. Indeed, Plaintiff cross-references to his Hawaii case throughout the Complaint.

> This Complaint brought before the "U.S. District Court for Michigan" by the Plaintiff restates previously stated facts and evidence from Case No. 2:19-cv-13559, and adds facts of violations of the Sherman Antitrust Act under 15 U.S.C. §§ 1, 2, 13, 15, and 26; with provisions regarding venue and jurisdiction and power of Federal District Courts contained in 15 U.S.C. §§ 4, 9, 10. [See Case No. 2:19-cv-13559, Dkt. #1].

(Compl. ¶ 8); *see also, e.g.*, "The Plaintiff references Case No. 2:19-cv-13559 and Case No. 1:20-cv00035, Dkt. #1, as if fully set forth herein." Compl. (Id. at ¶ 131).

This case, as the first case, is primarily concerned with damages Plaintiff's allege to his professional and personal life as a result of his time at the University of Hawaii School of Law. This case differs from the first case only in that Plaintiff now alleges the Michigan Defendants, like all state bar organizations, are part of the conspiracy outlined in the first case.

The Court will therefore transfer this suit to the District of Hawaii for the same reasons it articulated in Young's first case. *See Young v. University of Hawaii et al*, Case No. 19-13559 ECF No. 10, PageId.200-202. There, as here, the Court considered *forum non conveniens* factors such as access to sources of proof, availability of compulsory process for unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the administrative difficulties that flow from court congestion, the local interest in having localized controversies decided at home, and the interest in

having the trial of a diversity case in a forum that is at home with the law. *Id.* citing *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981). University of Hawaii remains the main actor in the conspiracies alleged by Plaintiff, and his time at its law school remains the major cause of the injuries he alleges. The Court ruled then that "[t]he injuries of which Young complains accrued in Hawaii, even if their after-effects remained when he returned to Michigan." *Id.* This suit's new allegations against Michigan Board of Law Examiners and the State Bar of Michigan represent only another attempt to litigate those after-effects.

Plaintiff has already litigated many, if not all, of the causes of action in the instant suit in his District of Hawaii case. Administrative efficiency, another factor in *Piper Aircraft*, militates against him redoing a substantially similar case in this district.

Accordingly,

**IT IS ORDERED** that this case be **TRANSFERRED** to the United States District Court for the District of Hawaii.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 15, 2020　　　　　　　　　　Senior United States District Judge