UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN YOUNG,

        Plaintiff,

v.

THE UNIVERSITY OF HAWAII, ET AL.,

        Defendant.

_____/

Case No. 20-11036

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [15]; DENYING PLAINTIFF'S MOTION TO STAY [17]; DENYING PLAINTIFF'S MOTION FOR COUNSEL [14]; AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED ON APPEAL IN FORMA PAUPERIS [13]**

Plaintiff, Stephen Young, brings suit against the University of Hawaii, the American Bar Association, the American Bar Association Legal Education Section, the National Conference of Bar Examiners, the Association of American Law Schools, the State Bar of Michigan, the Michigan Board of Law Examiners, Thomson Reuters, Inc, and Breaking Media, Inc. This case was reassigned to this Court as a companion case to a previous case, *Young v. University of Hawaii et al*, Case No. 19-13559, which the Court transferred to the District of Hawaii.

On May 15, 2020, the Court transferred this case to the District of Hawaii. (ECF No. 9). It reasoned that the same factors that militated towards transfer in Young's

first case, Case No. 19-13559, existed in this case. *See id* at pg. 4 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981)). It also reasoned that since Plaintiff has already litigated many of the underlying issues in the District of Hawaii, administrative efficiency required the transfer.

Plaintiff has now moved for reconsideration and a stay of the Court's transfer order. He has also moved to be appointed counsel and has applied to proceed on appeal without prepaying costs or fees.

### Plaintiff's Motion for Reconsideration of the Court's Order Transferring the Case [15]

The motion for relief from judgment under Rule 60 will be construed as a motion for reconsideration under the Local Rules for the Eastern District of Michigan. The Rules provide as follows.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted).

Plaintiff's argument for reconsideration is that the Court should have recused itself from this case, because it committed fraud. Specifically, Plaintiff argues, the statement that Plaintiff had already litigated the case in the District of Hawaii was incorrect, because that case was dismissed for failure to prosecute. This argument is unavailing. First, the fact that Plaintiff's case in the District of Hawaii was dismissed does not detract from the fact that a Court in Hawaii already engaged with Plaintiff's causes of action. Judicial efficiency—as discussed by the Supreme Court in *Piper Aircraft,* 454 U.S. at 261—militates towards keeping almost identical cases cases in the District of Hawaii. Second, administrative efficiency was only one of the Court's reasons to transfer the case to Hawaii. Plaintiff demonstrates no palpable defect with the Court's main rationale for the transfer, which is that the underlying events in this lawsuit occurred in Hawaii. The case should be transferred for the same reason the first case (No. 19-13559) was transferred. *See* Case 2:19-cv-13559-AJT-DRG *SEALED* ECF No. 10, PageID.200. Third, and finally, if Plaintiff wants this Court to recuse itself, it makes no sense for him to ask the Court to undo the transfer order and retain jurisdiction over the case, even assuming that it would be within the Court's power to take a case back from the District Court of Hawaii.

### Plaintiff's Motion to Stay the Order Transferring the Case [15]

Plaintiff has moved for he Court to stay its transfer order, arguing, as he did in the previous case, that the transfer of the litigation to the District of Hawaii has

adversely affected his health, and that he has a strong likelihood of success at the Sixth Circuit Court of Appeals. This Court has already transferred the case, however, and so no longer has the jurisdiction to stay the transfer or stay the operation of the case in the District of Hawaii. As the Court found in Plaintiff's first case, when this same issue arose, "Plaintiff cites no authority for the proposition that a transferor court has any sort of authority to enjoin a transferee court, in any circumstances, least of all in circumstances such as this." Case 2:19-cv-13559-AJT-DRG *SEALED* ECF No. 14, PageID.645

Even if the Court did have the power to issue such a stay, it would not, for Plaintiff has not demonstrated a likelihood of success on appeal or a public interest in a stay. The traditional factors for determining whether a stay is appropriate are as follows.

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

The Court has twice now analyzed the *Piper Aircraft* factors for forum non conveniens and determined that many of the factors, including the public interest in localized determination of local disputes and judicial efficiency, weighed in favor of transferring the case to Hawaii under 28 U.S.C. § 1404(a). Plaintiff has done nothing

to demonstrate that this analysis was wrong or misplaced, and he has therefore done nothing to demonstrate that he has a strong likelihood of successfully convincing the Court of Appeals that the transfer was incorrect.

### Plaintiff's Motion to Appoint Counsel [15]

Plaintiff has moved to appoint counsel, arguing that he has been unable to secure counsel on his own. As the Court ruled on Plaintiff's last case when he moved for reconsideration and the appointment of counsel, "[b]ecause this Court retains no further jurisdiction over this case, it will deny this motion without prejudice." Case 2:19-cv-13559-AJT-DRG *SEALED* ECF No. 14 PageID.646. The ruling will not be different this time.

### Plaintiff's Application to Proceed in Forma Pauperis on Appeal [13]

Because the Court previously authorized Plaintiff to proceed in forma pauperis, he will be permitted to proceed without prepaying costs or fees on appeal pursuant to FED. R. APP. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [15] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay [17] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Counsel [14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to proceed without prepaying fees or costs [13] is **GRANTED**.

**SO ORDERED**.

Dated: June 12, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge